Good morning, Your Honors. May it please the Court. My name is Thomas Bruin, and I am counsel for the Appellant Forward, Inc. This action is a citizen suit brought under the Ex Parte Young Doctrine against Secretary Macomber, Secretary of the California Department of Corrections and Rehabilitation, and Director Lasso, Director of the California Department of General Services. The purpose of this action is to stop an ongoing violation of the Federal Resource Conservation and Recovery Act involving ongoing and persistent soil and groundwater contamination occurring at the state facilities which the appellees control and manage near Stockton, California. The state facilities are adjacent to my client's forward landfill. We believe the Court erred in dismissing our complaint based on a facial challenge brought under Rule 12b-1 because we believe the Court did not follow what we think is controlling Ninth Circuit precedent in the case of Natural Resources Defense Counsel v. Caltrans. Just in the context of that case, that was a citizen suit brought under the Clean Water Act against the Director of Caltrans alleging that Caltrans facilities in Southern California were causing stormwater pollution in violation of the Clean Water Act. The holding in that case was based on the fact that Caltrans had a duty to comply with RCRA and specifically that the Director of Caltrans had a duty to comply with RCRA. One of the quotes from NRDC which is followed in a number of other cases is, it would seem reasonable then that Congress implicitly intended to authorize citizens to bring ex-party young suits against state officials with the responsibility to comply with Clean Water Act standards. So Counsel, in this case, would there be a lower level official that would have been more appropriate? Well, we think not. And let me explain. If you look at the fact pattern in NRDC and also the fact pattern in Committee to Save McColumney River v. East Bay Mud which involved an action against the members of the Central Valley Regional Water Board, and that case had to do with a containment failure, an acid mine drainage containment failure at the Penn Mine that the Regional Water Board had general supervisory control over. So if you were to imagine an organizational chart of these two departments, you'd have the Secretary, you'd have the Director, and then you'd have an Assistant Secretary and Director and you'd go down to, let's take the prison facilities. Why not just sue the wardens of each of the facilities? Well, because they're in charge of the inmates, not in charge of the facilities. And the problem, Your Honor, is if you look at the way these types of things Wait. What's the distinction? So you're saying that they couldn't order them to stop using that laundry that causes the pollutant? Well, it could be. But the point I want to make is that oftentimes in contamination cases it's difficult to identify the precise cause of the contamination or any official who is actually involved in some affirmative act that caused the contamination. Under RCRA, the existence of a groundwater plume, which an agency or a person has caused, is an ongoing violation of RCRA. So my point being that the person who caused the problem may not be able to be identified, and even if they could, they may not have the authority to fix the problem. In RW v. Columbia Basin I guess what's the authority to say that the wardens don't have the authority to fix the problem? Because we know the allegation is from those three facilities, right? And so the person in charge of those three facilities should be able to fix the problem. Well, Your Honor, perhaps. The cleanup of groundwater requires millions of dollars over many years. Is the warden going to have the authority to authorize contracts with their parties, to make budgetary decisions, in order to fix the problem? As I was about to say, in the case of RW v. Columbia Basin College I'm sorry. I thought it was an injunctive relief telling them to stop, but you're saying they also have to fix what's happened in the past? I thought you can't do that under experting. This is an ongoing violation. So the presence of contaminants the federal courts treat as an ongoing violation of BRICRA, not a past violation. And as we pointed out, the groundwater contamination at the facilities is increasing. So we believe the question is, who can provide the remedy? As I was about to say, under the RW v. Columbia Basin College case, we have to show that the state official being brought into court under ex parte young has the power to provide the relief ordered by the court. So we have alleged in this case, in response to a facial challenge, that the appellees have that power and that only they have that power to fix the problem. Now, you may be right, Your Honor, that factually there's some lower official who could actually have the ability to fix the problem. I don't believe there is such a lower-level official. I don't think we can identify them. But even if we could, that's a factual question. This is a facial challenge where you have facts on the merits intertwined with subject matter jurisdiction. The courts will not allow a facial challenge to go forward. The courts will apply the summary judgment standard on a motion to dismiss. We haven't had a chance to offer any evidence on the record before the lower court to show that the appellees are the proper parties and the only people who could provide the relief required under ex parte young. And that's why we've named them. That's why we think the lower court erred in dismissing the complaint. But under your theory, then, you could have sued the governor, I presume, correct? No. Why not? Well, because the jurisprudence under ex parte young have always said that governors of states are too high up in the organizational chart. But in the NRDC case and the Committee to Save McCallum E. River case, the director of Caltrans and the members of the regional board were considered to be appropriate state officials to sue, not because they were running the facilities in question, but because they were the heads of the agency, so they could direct personnel, they could authorize budgetary expenditures, they could authorize contracts, which in this case, as I said before, is going to take many years and many millions of dollars, no doubt. And we believe they're the only people, as alleged in our complaint, that can stop the contamination and provide the And it seems to me until there's a factual record developed before the lower court, there's no way to know whether they are the only people to provide that relief, but they certainly are some people who can provide relief. The test isn't that they have to be the only person to be able to provide relief, I assume, right? Correct. So what's your what do you think is the test for the appropriate level of, you know, highness? Yeah, exactly. Well, I think the I think the test is, as followed in NRDC and the Committee to Save McColumby River, it's the head of the agency is So the birds of bright light rule, the head of every agency is responsible for anything the agency does, and you could sue them under Ex parte Young. Well, it depends on the facts of the case. Where you're dealing with facilities that the heads of the agencies have authorized and control, such as dry cleaning, equipment maintenance, et cetera, they have control over those facilities. They can order them to be stopped. More importantly, they can organize material and money and contractors to address the contamination below the property. So if the case is dismissed as to the heads of the agencies, as a practical matter, there may be no one we can sue because lower level officials may not have the authority to solve the problem. So we think the focus in a compliance case ought to be on who has the duty and ability to fix the problem. And we believe it's clearly the heads of the agencies, just as in NRDC and the regional board in the McColumney River case. So, counsel, Judge Gould, if I could interject a question, do you have any authority of the Supreme Court or of the Ninth Circuit that supports your position here? Well, I would say the Verizon case, Justice Scalia says that to satisfy ex parte young, you have to show that there's an ongoing violation of federal law and you seek prospective relief only, which is certainly true of our complaint, Your Honor. With respect to the Ninth Circuit authority, there's actually quite a bit of authority. If you go to the enforcement side, you'll see cases where the attorney general and the other states were sued over the question of whether a law should be, that violated federal law should be enforced or not enforced. And typically the governors are dismissed, but not the attorney general, even though the attorney general is not a line prosecutor. The courts have said the attorney generals have control over their departments and therefore they can comply with a court order requiring that the state not prosecute a given state law in violation of federal law. So there's quite a bit of authority cited in our case, I believe, Your Honor, that answers that question. Yeah, those are a Supreme Court case with the name Estelle in it that says that a case that can be brought under recourse. I'm sorry, Your Honor. I didn't quite follow that question. Oh, I think I might be mixing up two different cases, but I thought there was a case that said the word one party was Estelle, B-E-S-T-E-L-L-E, that had bearing on that. I'm not familiar with that case, Your Honor. I'd be happy to file a supplemental paper with the court if requested. Let's forget it. I think I may have jumbled the case name, so forget that. All right. So hearkening back to the Ninth Circuit language in NRDC, if it seems reasonable to compel a State official with the responsibility to comply with State law to be subject to an action under Ex parte Young, we believe in this case where there's a facial challenge to a complaint, and the complaint alleges that the directors of these two have the power to comply with Federal law, the power to take corrective action to both stop the ongoing contamination and to clean up and remediate the contamination, that based on a facial challenge with no other factual record before this Court, and no evidence that any other lesser official can provide relief that would be required under RCRA, we think the Court should remand this case to the lower court for an evidentiary hearing to deal with the question of who would have the authority to order relief in order to comply with RCRA. Let me just jump in real quickly, sir. I'm going to – it might sound like I'm making an argument for you, but it helps me understand your argument. The standard I see in the case law is that the individual being sued has to have a, quote, fairly direct connection. You would say that it doesn't say the most direct connection, it just has to be fairly direct. Well, and that's really true for enforcement cases, not – I mean, even if it were to apply to a compliance case, we certainly would allege the appellees have a fairly direct connection with the operation of their facilities. I mean, we know as a factual matter that the director of CDCR has a sustainability program designed to have his facilities comply with federal law. We think we could prove through depositions of those officials and evidence before the trial court that they do have, in fact, a direct connection with the enforcement of RCRA and the direct ability and perhaps the only ability, we believe, to clean up and remediate the contamination, which is an ongoing violation of RCRA. Can I ask one other question? Well, why do you need a factual remand, then? Why can't we just look at, as a matter of law, the Secretary's authorities and, you know, and see that clearly they have that authority? Well, the Secretary's authorities are very broadly stated, such as they have the ability to manage their facilities. So I don't know. Why do you need, exactly, why do you need more facts? Why don't you just look at the law? I'm not saying we do, Your Honor, at all. I'm just saying if the court felt we needed factual clarification, we certainly seek leave to amend. I have an hour, I mean, excuse me, a minute and forty-seven minutes. We'll round up to two minutes for rebuttal for you. All right. Thank you, Your Honors. Good morning, Your Honors. May it please the Court. My name is Adam Guernsey. I'm an attorney at Harrison, Temblador, Hungerford & Guernsey, and we represent the defendant's appellees in this matter. The issue before this Court is whether an admitted polluter who has failed to clean up their pollution for more than thirty years has properly pleaded subject matter jurisdiction against the State of California in an attempt to shunt its responsibilities onto the very victims of the plaintiff and appellant's pollution. We assert the appellant has not met its burden, and we respectfully request this Court affirm the district court's order granting or dismissing plaintiff appellant's complaint for lack of subject matter jurisdiction. I think the controlling Ninth Circuit authorities are clear and cannot reasonably be disputed. Under the ex parte Young Doctrine, a plaintiff may bring a suit against a State official if there is an ongoing violation of Federal law and the plaintiff is seeking prospective relief. With respect to that first question, the Ninth Circuit authorities hold that there has to be a special and fairly direct connection to the challenged act. General supervision and control is not enough, and as stated in National Audubon Society, there must be direct authority and principal responsibility for the action. Here, the appellant cites no relevant authority for the position that they need only allege a special and fairly direct connection in the context of duty to enforce cases. Well, let's just, you know, looking at the law, don't you agree that the Secretary does have the authority to order these three facilities to stop polluting using that specific detergent and laundry? I would say under State law that the Secretary is not the chief executive officer of these individual institutions. In what we're dealing with the next week. Well, I mean, my question is, does he have the authority to order them to stop using the detergent? I don't think so, no. He's not the chief executive officer of the institutions. And we have to understand. So if he sent an order, who's the chief executive officer of the institutions? It's not my obligation to tell the defendants, or excuse me, to tell the appellants who the proper defendants would be. But the court's asking a question, counsel, so why don't you answer his question? I'm not authorized by my client to identify and give a judicial admission as to who the proper defendants in the underlying case would be. No, well, I'm just asking who the chief executive officer is. It is the warden of the prison under California law. So if the warden, if the Secretary McCormick ordered the warden to stop using this specific detergent that causes pollution, the warden does not have to follow that directive? I only understand what the statutory and regulatory authorities say, and I know that the Secretary is not the chief executive officer. And what we have to remember is Ex Parte Young is a legal fiction, right? We could ask the same question about that. Well, I guess to answer my question, though, does the Secretary, does the warden have to follow the directives of the Secretary? I would say generally, yes. Okay. So why isn't he the appropriate person, then, if he could direct the warden to stop using this chemical in the laundry room, then that would solve the problem, right? Because under the Ninth Circuit authorities, National Audubon Society, the Secretary doesn't have direct authority and primary responsibility for the operation of the state facilities. That would be the chief executive officer. But he directs the chief executive officer, so... And the governor directs the Secretary, and like I was trying to say, Ex Parte Young is legal fiction, right? And we have to draw the line someplace.  So what's the line? When you asked for the Highness, I would say it's a person who is more directly tied to the operation of the state facilities. And I think the appellants in their briefing probably know this based on some of the cases they've cited. I won't humble me. More directly tied. But he's, the Secretary's in charge of the supervision, management, and control of the state prisons. Yeah. I want to talk about National Audubon Society again, because in that case, the plaintiffs brought suit against the governor. They brought suit against the Secretary of Natural Resources. And then they brought suit against the director of the Department of Fish and Game, now Fish and Wildlife. The Secretary of Natural Resources is at the same cabinet level position as the Secretary of CDCR. And the Ninth Circuit in that case said that 11th Amendment sovereign immunity barred the suit against the Secretary of Natural Resources. So it can't simply be a cabinet level secretary who has control over a department or officials underneath him. There's got to be a more direct. But then what's the line that you want us to draw? That there's got to be direct authority and primary responsibility. And I'm saying that is not the secretary or specialist. Well, there's definitely direct authority, correct? You would agree with that under the statute. The way I interpret direct, and maybe I have the wrong take of the case where it cited that is kind of the first in line to make that determination. I would agree that the secretary has direct authority over employees under his purview. So then it's only, the question is what's, what was the other part of the test, special? It's primary responsibility from National Audubon Society. Hence that's why the court dismissed, this court dismissed the claims against the Secretary of Natural Resources, but kept them in against the director of the Department of Fish and Game. So I'll note, as noted in our appellee's brief, the majority of the appellant's authorities, they're not binding on this court, and even if they were, they don't consider the question at issue here. Mr. Bruin talked about Natural Resources Defense Council versus California Department of Transportation. When one reads that case, one will see that there's no factual or legal discussion on the requisite connection. In fact, there is a 10-day trial in that case where the court determined that Mr. Van Lopen Soils was actually, had that requisite connection. So I think that case is an opposite here. Counsel, I'm sorry to go back to something. You mentioned the standard was primary responsibility? I think you used that word. Direct authority and primary responsibility under the controlling Ninth Circuit authorities, yes. I've searched for the word primary, and I didn't see it in your brief, and I didn't see it in the case. Is that, I want to make sure I'm not missing something. National Audubon Society v. Davis, 307 F. 3rd at 847, they allowed the suit to proceed against the director of the Fish and Game Commission because it had, quote, direct authority over in principle responsibility. So principle, not primary. Oh, I apologize. That's why, again, I'm just trying to find the passage. Okay, so principle. Thank you. All right. Principle responsibility. I'm not sure it matters, but just, you know, looking for a word. Appreciate it. You can continue. Also, you know, Mr. Bruin referenced Committee to Save McCallum E. River. That case, again, didn't deal with what was the requisite connection between the defendant and the act that was alleged to violate Federal law. That case merely considered whether past actions could be used to consider future violations And, in fact, the defendants in that case, the regional board, were actively operating water treatment facilities and water management facilities at the old quarry. Again, RW v. Columbia Basin College, Mr. Bruin said that case stands for the principle that you have to show the party has power to provide relief. It doesn't change the controlling Ninth Circuit authorities that there has to be that fairly and special direct connection. Indeed, the Ninth Circuit in that case actually quoted that line. And then Mr. Bruin also said that in response to a question that the governor is always too far removed. And I want to challenge that point because in one of the cases cited by Mr. Bruin, Stan Levy Darlington County School District dealing with school desegregation plans, the South Carolina District Court actually reviewed South Carolina law and determined that the had the requisite connection given his authorities relating to educational issues. So I think that was an inaccurate statement on Mr. Bruin's part. So the question here, understanding that these, I think, authorities are quite clear, is whether the appellant met its burden at the district court level to affirmatively show jurisdiction. And jurisdiction must be affirmatively stated. It cannot be shown by drawing favorable inferences from the plaintiff's pleadings. And that's directly from Stewards v. McCallamy River at page 5, citing Norton v. Larney, 266 U.S. 515. Here, the district court thoughtfully considered the appellant's complaint and then determined that the appellants had not met their burden. When we look at the appellant's allegations in the complaint, you will see that the district court was correct because the appellants only vaguely allege general supervision and control over the state facilities. Not only that, a lot of the allegations are made on information and belief without providing the factual basis for why they have that information and belief. I'm sorry, just going back to Audubon real quick, they said, we said that the director of the California Department of Fish and Game was the right person. Correct. Why is that not equivalent to the secretary? Because above the director of the Department of Fish and Game is the secretary of natural resources at the cabinet level position. And then who is below McComber then? Who would be between McComber and the... I don't have understanding of all of the organizational chart of the Department of Corrections and Rehabilitation, but there are people below him. There's deputies. There are chief executives of institutions. There are water treatment plant operators. There's all a host of people. But between McComber and the DeWardens, you can't identify any? I couldn't identify by name. I think there are deputies between the two. But I'm happy to understand the organizational chart better and file a supplemental briefing with you on the matter. I just don't know the answer to that question right now. What about Lasso? How does she fit in? That's a great question. I feel like we don't know. The Department of General Services is essentially the state's business manager. And at the risk of arguing beyond the pleadings, since you asked the question, the Department of General Services merely acted in this role as contract real estate support for CDCR. CDCR was entering a right of entry agreement with the appellants. CDCR goes to the Department of General Services and say, hey, we need to develop a contract for them to come onto our facility and do some testing. Would that be the equivalent of the federal GSA? I don't know if you know the answer. I don't know the answer to that question, but they do everything, right? And they do nothing, if you ask me. Yeah, sounds like GSA. So no offense to DGS or DSA, they have a hand in all sorts of things. Just one last question for me. In response to your friends earlier saying if he sued the warden, that it's possible the warden doesn't have authority to authorize all these expenditures that would be required. What's your response to that? And so you have to sue McComber. Yeah, my response to that is I don't know if that's true. Again, I would say that under state law, they're the chief executive officer of the prison and I don't know the full extent of that power. But finding no requisite connection in the district court, in his wise discretion, actually granted the appellants the right to amend their complaint. This was dismissed without prejudice. And the appellant did not do so and we would offer, indeed he could not do so, consistent with Rule 11, which requires investigation to make sure that pleadings are well grounded in both law and fact. And as noted by this court on multiple occasions and also other courts, when you're trying to determine what the requisite connection is between the defendant and the alleged act that violates a federal law, you must look at state law to determine what, whether and under what circumstances a particular defendant has a connection with the challenge state law. And that's in Snook v. Brusa, 153 F. 3rd at 986. That's also in Stanley v. Darlington County School District, 879 F. Supp at 1362-1363. It's in Baughlin v. Board of Trustees of the Alabama Agricultural and Mechanical University, 290 F. Supp, 1265. It's in Macinus v. Hobbs from this court, 30 F. 4th, 890 at 903-904. And it's in Confederated Tribes and Bands of the Yakama Nation v. Locke, where they looked at Washington state law governing the state lottery to determine who the proper defendant was in that case. So we argue that a review of the appropriate California authorities would demonstrate that defendant appellees in this matter, Secretary McComber and Director Lasso, do not have the principal authority over the facilities at issue and they don't have the requisite connection under Ninth Circuit authorities. And so we ask the question, why is this important, right? And we note that Justice Kennedy in Idaho v. Coeur d'Alene Tribe said that ex parte young is a fiction and it involves line drawing. We get that, but appellees would argue that when you're drawing that line, you need to draw that line closer to the constitutional protections offered by the 11th Amendment rather than further stripping those away. Second, there's real consequences for not allowing cases that are not properly pled to proceed, right? If this case starts out crooked and we don't know who the proper defendant is, what the proper facts are, we can't avail ourselves of the mechanisms available to us to properly set up the pleadings for tidy resolution of the case. And I notice that my time is done. So in the absence of any questions, I would just request that you affirm the district court's decision. All right. Very well. Thank you very much, counsel. Thank you. Listening to counsel's argument, he seems to be positing that there is a lower level official at these two agencies who might have the power to provide the relief that could be requested by the court. But I haven't heard counsel say they do not have the authority to provide the relief that would be ordered by the lower court if we were to succeed on the merits. And the allegation in the complaint in response to a facial challenge is that they and only they have the ability to provide the relief requested, the prospective relief requested to stop the ongoing contamination of these facilities, to say that maybe the warden does who's in charge of the inmates really raises a factual question. Well, can the warden allocate funds? Can he authorize the award of contracts to third parties? If we were to go back and sue the warden, he might say under the R.W. case, I don't have the authority to do the things the courts require, therefore, I cannot be brought into court under Ex parte Young. So I basically come back to the point that this is a facial challenge to the complaint. It's not a factual challenge to the complaint. And we allege that the defendants have management and control over their facilities. So I understand your argument under McComber. I don't know under — can you explain it under Lasso? Well, with respect to the Department of General Services, I believe it owns the property in question. And they have general maintenance obligations with respect to the property. This property is covered by State bond issues, which the Department of General Services is involved in. And we were trying to get access to the property. We were told that we had to go through the Department of General Services in order to even get access. So we believe that department is inherently involved in the operation of these facilities, along with the Department of Corrections. Thank you, Your Honors. I thank you both for your briefing and argument in this case. This matter is submitted, and we'll
judges: GOULD, OWENS, BUMATAY